**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Kenneth H. KENNEDY, Respondent.**

**Nos. 95–SC–74–KB, 95–SC–412–KB.**

Supreme Court of Kentucky.

June 8, 1995.

## ORDER OF DISBARMENT

The Kentucky Bar Association has brought a disciplinary action against respondent attorney, Kenneth H. Kennedy. Kennedy has been charged with twenty-nine separate cases of professional misconduct. Additionally, he has another five disciplinary cases filed against him, in 95–SC–412–KB, which he would like to consolidate with the other twenty-nine. He is also currently under suspension from the Kentucky Bar Association for unrelated acts of misconduct.

The twenty-nine cases pending against Kennedy include a wide variety of misconduct. These allegations include: failure to provide competent representation; failure to return unearned fees to his clients; failure to act with reasonable diligence resulting in summary judgment against a client; engaging in conduct involving fraud, deceit, and/or misrepresentation; knowingly making misrepresentations to his clients and retaining fees for services which the attorney did not perform; and failure to inform a client of the attorney's suspension and inability to continue representation. The Board of Governors of the Kentucky Bar Association considered each of these twenty-nine charges individually. Respondent failed to make any appearance or present any defense to these charges. After considering the severity of the charges, the excessive amount of evidence, and the respondent's default, the Board voted unanimously that Kennedy was guilty on each charge.

Therefore, upon consideration of the record and recommendation of the Board of Governors, this Court does hereby order that the respondent, Kenneth H. Kennedy, be, and he is hereby disbarred. Kennedy shall surrender his license to practice law in the Commonwealth of Kentucky. It is further ordered that:

1. Kennedy shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Kennedy shall not file an application for reinstatement for a period of five (5) years next succeeding the date of this order.

3. Any application for reinstatement shall be governed by SCR 3.520, the rule providing for reinstatement in case of disbarment, or any subsequent amendment or successor to that rule in effect at the time of the application for reinstatement.

4. Any disciplinary proceedings, including those involved in 95–SC–412–KB, now pending against Kennedy shall be terminated and the cost thereof shall be paid by him in accordance with SCR 3.450(1). The Kentucky Bar Association has certified that there

are costs in the amount of $10,090.59 associated with the proceeding to date.

5. Notwithstanding the provision of paragraph 2 above, Kennedy shall be ineligible for reinstatement at the expiration of five years if there are then pending against him any unsatisfied claims due and owing to the Clients' Security Fund of the Kentucky Bar Association.

6. Pursuant to SCR 3.390, Kennedy is hereby ordered to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of this disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

All concur except LEIBSON, J., not sitting.

Entered: June 8, 1995.

/s/ Robert F. Stephens
Chief Justice